UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN J. GERNETH, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>CHIASMA, INC., et al.,<br><br>　　　　　　　　Defendants. | ) No. 1:16-cv-11082-DJC<br>)<br>) <u>CLASS ACTION</u><br>)<br>) [PROPOSED] ORDER AWARDING<br>) ATTORNEYS' FEES AND EXPENSES AND<br>) AWARD TO LEAD PLAINTIFF<br>) PURSUANT TO 15 U.S.C. §77z-1(a)(4)<br>)<br>)<br>) |

This matter having come before the Court on June 27, 2019, on Lead Counsel's motion for an award of attorneys' fees and expenses ("Fee Motion"), the Court, having considered all papers filed and proceedings conducted herein, having found the settlement of this class action (the "Litigation") to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. All of the capitalized terms used herein shall have the same meanings as set forth in the Stipulation of Settlement ("Stipulation" or "Settlement") filed with the Court. *See* ECF No. 197.

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Members of the Class who have not timely and validly requested exclusion.

3. Notice of Lead Counsel's Fee Motion was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the Fee Motion met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, 15 U.S.C. §77z-1(a)(7), the Securities Act of 1933, as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. The Court hereby awards Lead Counsel attorneys' fees of 30% of the $18,750,000 Settlement Amount, plus expenses in the amount of $133,501.54, together with the interest earned on such amounts for the same time period and at the same rate as that earned by the Settlement Fund. The Court finds that the amount of fees awarded is appropriate, fair, and reasonable under the "percentage-of-recovery" method.

- 1 -

4835-7295-0426.v1

5. The fees and expenses shall be allocated among Lead Plaintiff's Counsel in a manner which, in Lead Counsel's good-faith judgment, reflects the contributions of such counsel to the prosecution and settlement of the Litigation.

6. The awarded attorneys' fees and expenses shall be paid immediately to Lead Counsel subject to the terms, conditions, and obligations of the Stipulation.

7. In making the award to Lead Counsel of attorneys' fees and litigation expenses to be paid from the recovery, the Court has considered and found that:

(a) The Settlement has created a common fund of $18,750,000 in cash and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by the efforts of Lead Counsel;

(b) The requested attorneys' fees and payment of litigation expenses have been approved as fair and reasonable by the Lead Plaintiff;

(c) Notice was disseminated to Class Members stating that Lead Counsel would be moving for attorneys' fees not to exceed 30% of the Settlement Amount and payment of litigation expenses in an amount not to exceed $250,000, plus interest earned on both amounts;

(d) Lead Counsel have expended substantial time and effort pursuing the Litigation on behalf of the Class;

(e) Lead Counsel pursued the Litigation on a contingent basis, having received no compensation during the Litigation, and any fee award has been contingent on the result achieved;

(f) The Litigation involves complex factual and legal issues and, in the absence of the Settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g) Lead Counsel conducted the Litigation and achieved the Settlement with skillful and diligent advocacy;

(h) Public policy concerns favor the award of reasonable attorneys' fees in securities class action litigation;

(i) The amount of attorneys' fees awarded is fair and reasonable and consistent with awards in similar cases within the First Circuit; and

(j) Lead Plaintiff's Counsel devoted 6,237 hours, with a lodestar value of $3,785,640.00 to achieve the Settlement.

8. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fee and expense application shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

9. Pursuant to 15 U.S.C. §77z-1(a)(4), the Court awards $10,000.00 to Lead Plaintiff Laurent Sberro in connection with his representation of the Class.

10. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: June 27, 2019

THE HONORABLE DENISE J. CASPER
UNITED STATES DISTRICT JUDGE