UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN J. GERNETH, Individually and on Behalf of All Others Similarly Situated,<br><br>                       Plaintiff,<br><br>vs.<br><br>CHIASMA, INC., et al.,<br><br>                       Defendants. | No. 1:16-cv-11082-DJC<br><br>CLASS ACTION<br><br>[PROPOSED] ORDER AND FINAL JUDGMENT |

On the 27th day of June, 2019, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation of Settlement dated February 27, 2019 (the "Stipulation"), are fair, reasonable and adequate for the settlement of all claims asserted by the Class against the Defendants in the complaint now pending in this Court under the above caption (the "Litigation"), including the release of the Released Defendant Parties, and should be approved; (2) whether judgment should be entered dismissing the complaint on the merits and with prejudice in favor of the Defendants herein and as against all persons or entities who are Members of the Class herein who have not timely and validly requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the Members of the Class; (4) whether to grant final certification of the Class for purposes of the Settlement; (5) whether and in what amount to award Lead Counsel fees and expenses; and (6) whether and in what amount to award Lead Plaintiff in connection with his representation of the Class. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was provided to all individuals and entities, reasonably identifiable, who purchased or otherwise acquired Chiasma, Inc. ("Chiasma") common stock pursuant or traceable to Chiasma's July 15, 2015 initial public offering (the "IPO") (the "Class"), as shown by the records compiled by the Claims Administrator in connection with its providing of the Notice, at the respective addresses set forth in such records, and that a summary notice of the hearing, substantially in the form approved by the Court, was published pursuant to the Order Preliminarily Approving Settlement and Providing for Notice as set forth in the Declaration of Mishka Ferguson, and the Supplemental Declaration of Mishka Ferguson; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested by Lead Counsel and the request for an award

to Lead Plaintiff in connection with his representation of the Class pursuant to 15 U.S.C. §77z-1(a)(4); and all capitalized terms used herein having the meanings set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of this Litigation, the Lead Plaintiff, all Class Members, and Defendants.

2. For purposes of the Settlement only, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Lead Plaintiff are typical of the claims of the Class he seeks to represent; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Members of the Class predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, this Court hereby finally certifies this action as a class action on behalf of all Persons who purchased or acquired common stock issued by Chiasma on or before June 9, 2016, pursuant or traceable to Chiasma's initial public offering held on or about July 15, 2015. Excluded from the Class are: Defendants, the present and former officers and directors of Defendants, members of the immediate family of any Individual Defendant and the legal representatives, heirs, successors or assigns of any of the foregoing, and any entity in which Defendants have or had a

controlling interest during the Class Period. Also excluded from the Class are those Class Members whose requests for exclusion from the Class are hereby accepted by the Court.[1]

4. Notice of the pendency of this Litigation as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of this Litigation as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all individuals and entities entitled thereto.

5. The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Class. Subject to the terms and provisions of the Stipulation and the conditions therein being satisfied, the parties are directed to consummate the Settlement.

6. The Litigation is hereby dismissed in its entirety with prejudice.

7. The releases as set forth in ¶¶4.1-4.4 of the Stipulation (the "Releases"), together with the definitions contained in ¶¶1.1-1.36 relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date.

8. Upon the Effective Date, Lead Plaintiff and each of the Class Members who have not timely opted out of the Class ("Class Releasors") are hereby permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against Defendants or any Released Defendant Parties in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including Unknown Claims), as well as any

---

[1] As of the date of entry of this Order, there were no requests for exclusion.

other claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Litigation or the Released Claims.

9. Upon the Effective Date, Lead Plaintiff shall, and each of the Class Members shall be deemed to have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Defendant Parties. Lead Plaintiff and each Class Member are bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation. The Released Claims are hereby compromised, settled, released, discharged, and dismissed as against the Released Defendant Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

10. Upon the Effective Date, each of the Released Defendant Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Class Members, and Lead Plaintiff's Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Defendants' Claims.

11. Defendants have denied, and continue to deny, any and all allegations and claims asserted in the Litigation, and Defendants have represented that they entered into the Settlement solely in order to eliminate the burden, expense, and uncertainties of further litigation. Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations, discussions, or proceedings connected with it, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, nor any of the documents or statements referred to therein, nor any payment or consideration provided for therein, shall be:

(a)  offered or received against any of the Released Defendant Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that has been or could have been asserted against any of the Released Defendant Parties in the Litigation or any litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Defendant Parties;

(b)  offered or received against any of the Released Defendant Parties as evidence of, or construed as evidence of, any presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Defendant Parties, or against Lead Plaintiff or any Member of the Class as evidence of, or construed as evidence of, any infirmity of the claims alleged by Lead Plaintiff;

(c)  offered or received against the Released Defendant Parties, Lead Plaintiff, or any Member of the Class as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Defendant Parties, Lead Plaintiff, or any Member of the Class with respect to any liability, negligence, fault, or wrongdoing as against any of the Released Defendant Parties, Lead Plaintiff, or any Member of the Class in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Released Defendant Parties, Lead Plaintiff, and any Member of the Class may refer to it to effectuate the liability protection granted them hereunder;

(d)  offered or received against any of the Released Defendant Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released

Defendant Parties that the Settlement Amount represents the amount which could or would have been recovered after trial;

(e) offered or received against Lead Plaintiff or any Member of the Class as evidence of, or construed as evidence of, any presumption, concession, or admission by Lead Plaintiff or any Member of the Class that any of their claims are without merit, or that any defenses asserted by the Defendants in the Litigation have any merit, or that damages recoverable in the Litigation would not have exceeded the Settlement Fund; or

(f) deemed to be, or argued to be or offered or received as evidence of, or construed as evidence of, any presumption, concession, or admission that class certification is appropriate in the Litigation, except for purposes of this Settlement.

12. Notwithstanding the provisions of the preceding paragraph, the Released Defendant Parties may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. The Court finds that Chiasma has satisfied its financial obligations under the Stipulation by causing the $18,750,000 Settlement Fund to be paid.

14. The Court finds and concludes that the Lead Plaintiff, Lead Plaintiff's Counsel, Defendants and Defendants' Counsel have complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, dispositive motion, or other filing.

15. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall

be considered separate from this Judgment. Separate orders shall be entered regarding approval of a plan of allocation and Lead Counsel's application for an award of attorneys' fees and expenses.

16. The Settling Parties are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing such amendments, modifications, and expansions of the Stipulation, provided that such amendments, modifications, and expansions of the Stipulation are not materially inconsistent with this Judgment, and do not materially limit the rights of the Members of the Class under the Stipulation.

17. Any appeal or any challenge affecting the approval of (a) the Plan of Allocation submitted by Lead Counsel and/or (b) this Court's approval regarding any attorneys' fee and expense applications shall in no way disturb or affect the finality of the other provisions of this Order and Final Judgment nor the Effective Date of the Settlement.

18. Jurisdiction is hereby retained over Defendants, the Lead Plaintiff and the Class Members for all matters relating to the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Members of the Class.

19. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or is terminated pursuant to ¶7.3 of the Stipulation, ¶¶7.6-7.7 of the Stipulation shall apply and this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and may not be introduced as evidence or reflected in any action or proceeding by any person or entity, and each party shall be restored to his, her or its respective position as it existed prior to December 20, 2018.

20. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

21. Defendants have provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. §1715.

22. This Litigation and all Released Claims are dismissed with prejudice. The parties are to bear their own costs, except as otherwise provided in the Stipulation or this Order and Final Judgment.

23. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

DATED: June 27, 2019

_____
THE HONORABLE DENISE J. CASPER
UNITED STATES DISTRICT JUDGE